IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTI A. HOFFMAN, as Executor of the Estate of John W. Hoffman, and CRISTI A. HOFFMAN, individually, DESIGNED ALLOYS, INC., an Illinois corporation, DESIGNED ALLOY PRODUCTS, INC., an Illinois corporation, and ALLOY ROD PRODUCTS, INC., an Illinois Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES P. SUMNER and FRANK D. WINTER,<br><br>Defendants. | No. 05 C 7114 |

**MEMORANDUM OPINION AND ORDER**

Before me is plaintiffs' joint motion under 28 U.S.C. § 1447(c) to remand this case back to Illinois state court. Plaintiff Cristi Hoffman is John Hoffman's widow and the executor of his estate. Plaintiffs allege that she and Mr. Hoffman owned all the shares of common stock of the plaintiff corporations as joint tenants with rights of survivorship. Upon his death she became the sole owner of all common stock in the plaintiff corporations, and new stock certificates were issued and registered reflecting this development.

At some point, defendants contacted plaintiffs and notified them that they had a copy of an executed "Buy-Sell and Trust Agreement" ("Buy-Sell Agreement") signed by Mr. Hoffman and

providing that Mr. Hoffman and the two defendants each owned a third of the issued capital stock of plaintiff Designed Alloys, Inc. ("DAI"), with Mr. Hoffman holding defendants' shares in trust for them. The agreement further provided that upon the death of the "stockholder first to die," which turned out to be Mr. Hoffman, "each surviving stockholder shall have the right to purchase, and the executor or administrator . . . of the deceased stockholder shall offer to sell to each surviving stockholder" all of the deceased stockholder's shares in proportion to the percentage of total shares owned by each surviving stockholder. Plaintiffs allege that defendants did not own any shares in DAI, and that because the shares have now passed to Ms. Hoffman the agreement is unenforceable as to her and the other plaintiffs, since none are parties to the agreement. She further alleges that the agreement is faulty because it lacks consideration and because it violates the statute of limitations.

Plaintiffs brought a two-count complaint in state court requesting a declaratory judgment that defendants have no rights or interests in DAI and no rights or claims against the plaintiffs. Plaintiffs also brought a state tort claim for conspiracy to commit unlawful conversion or theft. In response, defendants removed plaintiffs' state court action to federal court under 28 U.S.C. § 1441. Plaintiffs argue that remand is appropriate because the "probate exception" to this court's subject matter jurisdiction

leaves this court without jurisdiction to hear the case. Assuming this court does have jurisdiction, plaintiffs argue that this court should follow the doctrine of abstention and decline to hear the matter. As discussed below, plaintiffs' joint motion to remand is denied.

I.

Under 28 U.S.C.A. § 1441(a) (2005),

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

For cases in which the district court's jurisdiction is based on diversity, an action may only be removed if none of the defendants are citizens of the state in which the action was brought. *Id.* at § 1441(b). Defendants allege that this court has diversity jurisdiction over the matter under 28 U.S.C.A. § 1332, and defendants satisfy the requirements of § 1441(b) as both defendants are from Pennsylvania. Plaintiffs do not contest the citizenship of the parties or the amount in controversy, but instead argue that this court lacks subject matter jurisdiction because of the "probate matter" exception to the subject matter jurisdiction of the federal courts.

Defendants have filed a motion for leave to submit supplemental authority, citing the Supreme Court's decision in

3

*Marshall v. Marshall*, 126 S. Ct. 1735 (2006), which was issued after the original briefing on plaintiffs' motion to remand. That motion is granted and is well-taken, for the Court's opinion in *Marshall* clarifies the scope of the probate matter exception and provides clear guidance for this court to follow in addressing plaintiffs' arguments. In *Marshall*, the widow of the decedent filed for bankruptcy in federal court. The son of the decedent filed a proof of claim in the bankruptcy alleging the widow had defamed him, and in response the widow counterclaimed that the son had tortiously interfered with a gift she expected from the decedent. The bankruptcy court found for the widow and entered a judgment in her favor against the son. The son, meanwhile, sought a declaration in state probate court that the father's living trust and will were valid, and the probate court issued that declaration.

The Supreme Court found that the Ninth Circuit was incorrect in holding that the district court did not have jurisdiction over the widow's tortious interference claims. In so doing, the Supreme Court clarified the scope of the probate exception. First, the Court noted with favor language from the decision in *Markham v. Allen*, 326 U.S. 490 (1946), in which the Court established that

> federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatee and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or

4

> control of the property in the custody of the
> state court.

*Marshall*, 126 S. Ct. at 1747 (citing *Markham*, 326 U.S. at 494). Noting that courts have reached varying conclusions as to what interference with probate proceedings entails, the Court in *Marshall* clarified this to mean that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 126 S. Ct. at 1748 (citing *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195-96 (1935); *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 35-36 (1909)). In other words, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 126 S. Ct. at 1748.

Applying these principles demonstrates that this case does not fall within the probate exception to this court's jurisdiction. What plaintiffs seek is a declaration that the purported agreement between decedent and the defendant is not enforceable as to them. Plaintiffs allege that Ms. Hoffman held all stock in DAI as a joint tenant with Mr. Hoffman. Under Illinois law, upon the death of one of two owners of property held in joint tenancy, the property does not become a probate asset of the decedent but rather passes to the surviving owner. *In re Estate of Alpert*, 95 Ill.2d 377, 381, 69

Ill. Dec. 361, 363, 447 N.E.2d 796, 798 (1983). If plaintiffs' allegations are correct, the stock shares are not currently an asset of Mr. Hoffman's estate, so determining plaintiffs' and defendants' rights as to the shares would not interfere with the state court's administration of Mr. Hoffman's estate. It also would not dispose of property within the state probate court's custody. Rather, it would determine the provenance and validity of the purported Buy-Sell Agreement and its effect on Ms. Hoffman's ownership of the shares, and would determine whether the defendants committed a tort against plaintiffs. Like the claims at issue in *Marshall*, plaintiffs do not seek probate or annulment of a will, but rather a judgment against defendants. There are no policy considerations that militate in favor of extending the probate exception to cover this matter. *Marshall*, 126 S. Ct. at 1748-49.[1]

II.

---

[1] The Supreme Court's decision in *Marshall* appears to overrule the Seventh Circuit's decision in *Storm v. Storm*, 328 F.3d 941 (7th Cir. 2003), upon which plaintiffs rely. In that case the Seventh Circuit applied the probate exception to bar federal jurisdiction over a tortious interference claim, the very claim that the Supreme Court in *Marshall* determined was not barred by the probate exception. In addition, the court in *Storm* determined that the plaintiff's tort claim amounted to a will contest because the plaintiff would have received, in damages, "the assets he would have otherwise been entitled to" under the will as he believed it would have dictated but for the defendant's tortious interference. *Storm*, 328 F.3d at 945. The present case, in contrast, does not seek a will contest since it does not involve Mr. Hoffman's will, but rather stock shares formerly held in joint tenancy and purportedly subject to a trust agreement.

Plaintiffs argue that even if this court does have jurisdiction over their claims, I should decline to exercise that jurisdiction under the doctrine of abstention. Plaintiffs rely on a Seventh Circuit decision stating that abstention may be appropriate in probate-related cases because "[t]he fact that a federal suit may not directly interfere with state probate proceedings merely permits the exercise of federal jurisdiction, it does not require it." *Rice v. Rice Found.*, 610 F.2d 471, 477 (7th Cir. 1979). The Seventh Circuit suggested in *Rice* that certain factors militated toward discretionary abstention, including the familiarity of state courts with the litigation, and the state's particular interest and competence in dealing with the issues raised. *Id.* at 477.

This opinion was written well before the *Marshall* decision, and one factor the Seventh Circuit cited in its decision was the uncertainty over the scope of the probate exception, which the Supreme Court has since resolved. However, even considering the factors laid out by the Seventh Circuit, abstention is not appropriate in this instance. Plaintiffs do state that a probate matter is currently pending in state court, but they do not explain whether defendants have claims in that probate matter, or whether that court is even aware of the issues in this litigation and would therefore be more familiar with the litigation than this court. The fact that plaintiffs chose to bring these claims against

defendants separately from the probate matter suggests that they believe the issues in this litigation can be separated from the probate of Mr. Hoffman's estate. In addition, because this case involves issues unrelated to the distribution of Mr. Hoffman's estate, including the interpretation of the Buy-Sell Agreement and the analysis of plaintiffs' tort claims, it would not necessarily promote judicial economy to have this case remanded back to state court. Those issues can be resolved here without interfering with the state court's administration of Mr. Hoffman's estate.

### III.

Defendants' motion for leave to submit supplemental authority is granted. Plaintiffs' joint motion to remand proceedings to state court is denied.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 18, 2006